Jose Martin VARGAS–MARTINEZ,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–70362.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Alison Marie Igoe, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Jose Martin Vargas–Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal and denying his motion to remand. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000), and for an abuse of discretion the decision to deny a motion to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

Vargas–Martinez contends that he was denied due process because the transcript of his removal proceedings was incomplete. We agree with the BIA that Vargas–Mar-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tinez's contention is unavailing because he failed to demonstrate how a transcript of the three unrecorded master calendar hearings would have affected the outcome of the proceedings. *See Colmenar*, 210 F.3d at 971 (requiring prejudice to prevail on a due process challenge).

We lack jurisdiction over Vargas–Martinez's contentions that the IJ did not read the allegations and charges in the Notice To Appear to him and did not inform him of his right to offer evidence at his hearing because these claims were not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

Vargas–Martinez's contention that the BIA did not address the merits of his claim for cancellation of removal is not supported by the record.

The BIA did not abuse its discretion by denying Vargas–Martinez's motion to remand because the BIA acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law."); *see also Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir.2003) (en banc) (a motion to reopen is treated as a motion to remand).

Vargas–Martinez's remaining contentions are without merit.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.